**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ )<br>**HUBERT PHILOGENE,** )<br> )<br> **Plaintiff,** )<br> )<br> **v.** )<br> )<br>**DISTRICT OF COLUMBIA** )<br>**DEPARTMENT OF CONSUMER AND** )<br>**REGULATORY AFFAIRS,** )<br>**et al.,** )<br> )<br> **Defendants.** )<br>_____ ) | **Civil Action No. 08-1399 (RWR)** |

**MEMORANDUM ORDER**

Pro se plaintiff Hubert Philogene filed an amended complaint in the District of Columbia Superior Court against the District of Columbia Department of Consumer and Regulatory Affairs, the D.C. Office of the Attorney General, the D.C. Mayor, the Alcoholic Beverage Regulation Administration, and the Metropolitan Police Department, alleging false arrest and imprisonment, "illegal citations," and a violation of 42 U.S.C. § 1983. The defendants removed the case to this court on the basis of federal question jurisdiction. Although he acknowledges asserting a federal cause of action in the amended complaint, Philogene moves to remand this case to the Superior Court to allow the court to determine whether defendants are in contempt of one of that court's orders.

"'[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants[] to the district court of the United States[.]'" Hughley v. Weinstock, Friedman & Friedman, PA, Civil Action No. 06-88 (RWR), 2006 WL 2244574, at *2 (D.D.C. Aug. 4, 2006) (quoting 28 U.S.C. § 1441(a) (2000)) (alterations in original) (footnote omitted). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). "A plaintiff's claim under 42 U.S.C. § 1983 that a defendant violated his constitutional rights is a claim arising under the laws of the United States." Matthews v. District of Columbia, Civil Action No. 07-0031 (RWR), 2009 WL 5125915, at *2 (D.D.C. Dec. 30, 2009).

Along with his state law claims, Philogene alleges a § 1983 claim. Specifically, he asserts that the defendants violated his Fourth Amendment and due process rights when a police officer, acting under color of law and within the scope of his employment, "arrested and presented the citations to [him,]" and that it was the municipality's custom or policy that caused the violation. (Amend. Compl. ¶¶ 25-27.) Philogene asserted a claim arising under federal law, making his complaint properly removable, and he cites no authority to support his assertion that a removed

case should be remanded upon an allegation or a showing that a defendant was in contempt of an order issued by the court from which the case was removed. Accordingly, it is hereby

ORDERED that plaintiff's motion [4] to remand the case be, and hereby is, DENIED.

SIGNED this 1st day of March, 2010.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge
